IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DANIEL HARMON,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-390-A |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Daniel Harmon, TDCJ # 852888, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In December 1988 a jury found Harmon guilty of two instances of sexual assault of a child

younger than 17 years of age in Tarrant County, Texas, and assessed his punishment at twenty years' confinement in each case. (01State Habeas R. at 58; 02 State Habeas R. at 58) The Second District Court of Appeals of Texas affirmed the trial court's judgment in both cases, and, on March 21, 2001, the Texas Court of Criminal Appeals refused his petitions for discretionary review. *Harmon v. Texas*, No. 2-98-603 & -604-CR, slip op. (Tex. App.–Fort Worth October 12, 2000) (not designated for publication); *Harmon v. Texas*, PDR Nos. 2060-00 & 2061-00.  Harmon did not seek writ of certiorari; thus, his convictions became final under state law on June 19, 2001, 90 days after his petitions for discretionary review were refused. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1.

Harmon filed two state applications for writ of habeas corpus, one for each conviction, on June 3, 2008, challenging his convictions, which were denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court on April 29, 2009. *Ex parte Harmon*, State Habeas Appl. Nos. WR-71,777-01 & -02, at cover.  Harmon filed this federal petition for writ of habeas corpus on June 26, 2009. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition is delivered to prison authorities for mailing).  As directed, Quarterman has filed a preliminary response addressing only the timeliness of the petition, to which Harmon has responded.

### D.  ISSUES

Harmon brings four grounds for relief raising issues related to the trial court proceedings and one ground raising ineffective assistance of appellate counsel.

### E.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal

habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, §2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (d)(1)(A), applicable to this case, Harmon's convictions became final on June 19, 2001, triggering the limitations period, which expired one year later on June 19, 2002. Thus his federal habeas petition was due on or before June 19, 2002, absent any applicable tolling.

Harmon's state habeas applications filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Harmon asserted a valid reason for his failure to file his petition in a timely manner to justify equitable tolling of the limitations period, and

3

the record reveals none.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Harmon's federal petition was due on or before June 19, 2002.  His petition filed on June 26, 2009, over seven years later, is untimely.

## II.  RECOMMENDATION

Harmon's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 25, 2009.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 25, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 4, 2009.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE