IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

- 2 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| DANIEL HARMON, | § | |
| Applicant, | § § | |
| VS. | § § | NO. 4:09-CV-390-A |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § § | |
| Respondent. | § § | |

O R D E R

Came on for consideration the above-captioned action wherein Daniel Harmon ("Harmon") is applicant and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On September 4, 2009, United States Magistrate Judge Charles Bleil issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered parties to file objections, if any thereto, by September 25, 2009. Harmon timely filed his objections. Respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings,

---

[1] The title of the document filed by Harmon was "Petition for Writ of Habeas Corpus by a Person in State Custody," and Harmon referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed as an "application" and is referring to Harmon as "Harmon" or "applicant."

conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

As chronicled in the FC&R, Harmon filed his application on June 26, 2009, some seven years after the date that his convictions became final. After finding that Harmon failed to assert any reasons justifying equitable tolling of the applicable one year limitations period, the Magistrate Judge recommended that Harmon's application be dismissed with prejudice as time-barred. Harmon's objections consist of nothing more than conclusory allegations that his state court proceedings were inadequate. These allegations do not demonstrate why he was entitled to equitable tolling of the limitations period.

Therefore,

The court accepts the recommendation of the Magistrate Judge and ORDERS that Harmon's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice.

SIGNED October 2, 2009.

_____
JOHN MCBRYDE
United States District Judge

2